**E-FILED**
Monday, 15 July, 2013  05:28:36 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JEREMY SCHLOSS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 13-CV-3029 |
| | ) | |
| AIMEE WILCYNSKI, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and detained in the Rushville Treatment and Detention Center, seeks leave to proceed in forma pauperis.

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them."  Brewster v. North Am. Van Lines, Inc., 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to

state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim. A hearing was scheduled to assist in this review, but the hearing will be cancelled as unnecessary.

LEGAL STANDARD

To state a claim, the allegations must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief ." Fed. R. Civ. P. 8(a)(2). Factual allegations must give enough detail to give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007)(*quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)(add'l citation omitted)). The factual "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" Id. (*quoting* Bell Atlantic, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do

not suffice." <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009)(*citing*
<u>Bell Atlantic</u>, 550 U.S. at 555-56).  However, pro se pleadings are
liberally construed when applying this standard.  <u>Bridges v. Gilbert</u>,
557 F.3d 541, 546 (7th Cir. 2009).

ALLEGATIONS

Plaintiff is detained in the Rushville Treatment and Detention
Center pursuant to the Illinois Sexually Violent Persons Act.
Defendants Oberhausen, Tucker and Schostak were part of
Plaintiff's treatment team in 2008-2009.  These Defendants
allegedly threatened and manipulated Plaintiff into making up
answers to questions about fantasies and arousal to violent stimuli,
answers which were used against Plaintiff in his state court
proceedings.  These Defendants also played "mind games" with
Plaintiff and retaliated against Plaintiff for challenging his
treatment.  Plaintiff eventually withdrew his consent to treatment
because he could no longer endure the alleged abusive environment
and the lack of an effective, individualized treatment plan.  Plaintiff
alleges that his "master treatment plan" is supposed to be an
individualized psychiatric treatment plan designed to rehabilitate
him for release.  However, according to Plaintiff, his master

treatment plan is a farce, focusing only on his criminal record with the design ensure his continued detention.

Plaintiff renewed his consent to treatment in mid-2011 but was told that no openings were available, due to the fact that the resident population is over 500 and the Center lacks adequate treatment staff.  His current master treatment plan remains inadequate.

Plaintiff alleges retaliation for his complaints in the form of assigning "sexual deviants" as Plaintiff's roommates.  Additional vague retaliation is also alleged.

ANALYSIS

Plaintiff is entitled to humane conditions of confinement and to adequate treatment for his serious mental disorder, as determined by an appropriate professional exercising professional judgment.  *See* Youngberg v. Romeo, 457 U.S. 307, 323 (1982)(decisions by professionals working at mental health institution are afforded deference and violate the Constitution only if professional judgment not exercised).  Plaintiff is not entitled to dictate the treatment he receives.  Plaintiff's constitutional rights are violated only if the treatment decisions are a "substantial

departure from accepted professional judgment." <u>Sain v. Wood</u>, 512 F.3d 886, 894-95 (7th Cir. 2009).

Liberally construing his allegations, Plaintiff states a claim that he has been denied adequate treatment for his serious mental disorder.  Also, Plaintiff arguably states a claim that the facility is so overcrowded as to be inhumane, though drawing that conclusion from the factual allegations is a stretch.  Lastly, Plaintiff states a claim for retaliation for his complaints about his treatment.

Defendants Ganz, Queen, Bond, Wilzynski, Oberhausen, Tucker, and Schostak have allegedly been involved in the refusal to provide effective treatment for Plaintiff's mental disorder and may also have been involved in the alleged retaliation. Defendant Jumper, in his role as the clinical director, and Defendant Caraway, as associate clinical director, are also plausible Defendants.

Defendants Ashby, Saddler, and Liberty Healthcare Corporation will remain as Defendants because Plaintiff alleges that systemic overcrowding and understaffing is at least one cause of his inability to obtain adequate treatment.

Defendants Oberhausen, Tucker, and Schostak appear to have been involved only in the 2008-2009 incidents, according to

Plaintiff's allegations.  Thus the claims against Oberhausen, Tucker, and Schostak are likely barred by the two-year statute of limitations.  Evans v. City of Chicago, 434 F.3d 916, 934 (7th Cir. 2006)(two year statute of limitations for claim under 42 U.S.C. Section 1983).  However, the statute of limitations is an affirmative defense to be raised by Defendants in all but the most obvious circumstances.

No claim is stated against Defendant Simpson.  Simpson's alleged failure to remedy the problem by properly handling Plaintiff's grievances does not violate the Constitution.  *See* Antonelli v. Sheahan, 81 F.3d 1422, 1430  (7th Cir. 1996)("a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause.").

Lastly, the Illinois Department of Human Services is not a proper Defendant because the IDHS is effectively the State of Illinois.  The Eleventh Amendment protects States from lawsuits seeking damages in federal court.  Woods v. Illinois Department of Children and Family Serv., 710 F.3d 762, 764 (7th Cir. 2013).  A State can be sued for injunctive relief, but that accomplished by naming a State official as a defendant in his or her official capacity.

Since Plaintiff does seek injunctive relief, the current Director will be added in his or her official capacity.

IT IS ORDERED:

1.    Pursuant to its review of the Complaint, the Court finds that Plaintiff states federal constitutional claims based on the alleged lack of treatment for his serious mental disorder, the alleged overcrowding at Rushville, and the alleged retaliation for Plaintiff's complaints about his treatment.  This case proceeds solely on the claims identified in this paragraph.  Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2.    Defendants Simpson and the Illinois Department of Human Services are dismissed.

3.    If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's Service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

4.   With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5.   Defendants shall file an answer within the time prescribed by Local Rule.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

6.   Plaintiff shall serve upon any Defendant who has been served but who is not represented by counsel a copy of every filing submitted by Plaintiff for consideration by the Court and shall also file a certificate of service stating the date on which the copy was mailed.  Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service shall be stricken by the Court.

7.   Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel.  Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel.  The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3.  If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

8.   This cause is set for further scheduling procedures under Fed. R. Civ. P. 16 on September 23, 2013 at 1:30 p.m., or as soon as the Court can reach the case, before U. S. District Judge Sue E. Myerscough by telephone conference.  The conference will be cancelled if service has been accomplished and no pending issues need discussion.  Accordingly, no writ shall issue for Plaintiff's presence unless directed by the Court.

9.   Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

10.  Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number.

Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:** 1) terminate Defendants Simpson and the Illinois Department of Human Services; 2) add as a Defendant the current Director of Rushville Treatment and Detention Center, in his or her official capacity; and 3) attempt service on Defendants pursuant to the District's standard procedures.

ENTERED:   July 15, 2013

FOR THE COURT:

**s/Sue E. Myerscough**
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE