UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JEREMY SCHLOSS, | ) | |
| Plaintiff, | ) | |
| v. | ) | 13-CV-3029 |
| AIMEE WILCYNSKI, et al., | ) | |
| Defendants. | ) | |

OPINION

COLIN STIRLING BRUCE, U.S. District Judge:

Plaintiff, proceeding pro se from his detention in the Rushville Treatment and Detention Center, pursues claims about the alleged lack of treatment for his serious mental disorder, alleged overcrowding at Rushville, and alleged retaliation for Plaintiff's complaints about his treatment. Discovery closed September 30, 2014, except for several pending motions to compel, some of which are addressed in turn below.[1]

IT IS ORDERED:

    1) Plaintiff's motion to compel is denied (66). Defendants

        Saddler and Ashby have provided their curricula vitae to

---

[1] Plaintiff filed two more motions to compel on October 15, 2014. Those will not be addressed until after Defendants' response time passes.

Plaintiff, and Defendants have provided the contract between Liberty and DHS.

2) In order to expedite matters, Defendant Scott is directed to respond to Plaintiff's first request to produce documents and first set of interrogatories by November 17, 2014. Plaintiff will not be required to serve another copy of the requests on Defendant Scott.

3) Plaintiff's motions to compel answers to his first set of interrogatories are denied as moot (58, 59). Defendant Ashby has provided his responses, and Defendant Scott is being directed to provide his responses.

4) Plaintiff's motion to add three new defendants and claims against those three new defendants is denied (75). Leave to amend should be "freely give[n] when justice so requires," Fed. R. Civ. P. 15(a)(2), but "'district courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile.'" *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011)(quoted and other cites omitted). The three new

proposed defendants have allegedly provided false or ambiguous information in Plaintiff's "master file" or clinical notes which negatively affects Plaintiff's chances of gaining release in his state court proceedings or receiving an accurate diagnosis and treatment. If the alleged false statements are used against Plaintiff in state court, the place to challenge those statements is in state court, not in a federal civil rights action. *See, e.g.*, *DeWalt v. Carter*, 224 F.3d 607, 614 (7th Cir. 2000)(challenges to fact or duration of confinement must be pursued in habeas action, not in an action under 42 U.S.C. § 1983). Additionally, Plaintiff alleges that proposed new Defendant Dr. Hernandez has been Plaintiff's primary therapist since September, 2013, but Plaintiff does not explain why he waited almost one year to try to add Dr. Hernandez as a Defendant. Lastly, to the extent these new defendants are involved in the alleged lack of proper mental health diagnosis and treatment, if new defendants are added each time Plaintiff's treatment team changes, then this case will go on indefinitely.

5) Defendant Caraway's motion to extend her deadline for responding to Plaintiff's second document request to October 26, 2014, is granted (79).

6) The dispositive motion deadline is extended to December 1, 2014.

ENTERED: 10/21/14

FOR THE COURT:

                                    **s/Colin Stirling Bruce**
                                    COLIN STIRLING BRUCE
                                  UNITED STATES DISTRICT JUDGE